CALOGERO, Justice.*
Defendant Salvadore Burton was charged by bill of information with a violation of R.S. 40:1788 in that he “did willfully and unlawfully have in his possession an unregistered pistol on which the serial number had been obliterated.” He filed a motion to quash the bill of information contending that R.S. 40:1788 violates constitutional guarantees under the Fifth and Fourteenth Amendments of the United States Constitution and Article 1 §§ 2, 13 and 16 of the Louisiana Constitution.[1] After the trial judge denied the motion to quash relator sought writs here and we granted. 377 So.2d 857 (La.1979).
Louisiana Revised Statute 40:1788 provides in full:
“A. Each manufacturer, importer, and dealer in any firearm shall identify it with a number or other identification *940 mark approved by the department and shall mark or stamp or otherwise place the number or mark thereon in a manner approved by the department.
“B. No one shall obliterate, remove, change, or alter this number or mark. Whenever, in a trial for a violation of this Sub-section, the defendant is shown to have or to have had possession of any firearm upon which the number or mark was obliterated, removed, changed, or altered, that possession is sufficient evidence to authorize conviction unless the defendant explains it to the satisfaction of the court.”
Our concern in granting the writ focused upon whether this statute, which makes possession of a firearm upon which the number has been obliterated, removed, changed or altered “sufficient evidence to authorize conviction” for obliterating the number, shifts, to the defendant the burden of establishing his innocence. The constitutionality of presumptions such as this one has been considered in a number of recent state and federal decisions. The presumption in R.S. 40:1788(B) appeared to us to be constitutionally suspect under our recent decision in State v. Searle, 339 So.2d 1194 (La.1976) and the United States Supreme Court decision in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).[2]
Upon reviewing the record in this case, however, we find that the issue of the constitutionality of the presumption in R.S. 40:1788(B) need not be decided. Relator’s motion to quash should have been granted for a reason unrelated to the constitutionality or unconstitutionality of that provision.
The bill of information does not charge a violation of R.S. 40:1788. Defendant was charged with possessing a pistol on which the serial number had been obliterated.[3] R.S. 40:1788 simply makes criminal obliterating, removing, changing or altering the number or mark on a firearm. It does not proscribe the possession of such a weapon.
Inasmuch as the bill of information does not charge defendant with conduct which is criminal under R.S. 40:1788, defendant’s motion to quash the bill should have been granted. We, therefore, need not consider the constitutionality of the presumption created by the second sentence of section B of R.S. 40:1788.

Decree

For the foregoing reasons the ruling of the trial court denying relator’s motion to quash is reversed. The motion to quash is granted.
TRIAL COURT RULING REVERSED; MOTION TO QUASH GRANTED.

The Honorable Edward A. de la Houssaye 111 participated in this decision as an Associate Justice pro tempore.

. In that motion defendant contended that the presumption created by R.S. 40:1788(B) is unconstitutional because it requires a defendant to prove his innocence, to give evidence against himself, and to waive his right to remain silent.

. In State v. Searle, supra, this Court held that the presumption in R.S. 15:432 that the person in unexplained possession of recently stolen property is the thief could not be judicially extended to a burglary charge. There we observed that before the “jury can be told that if it finds one proven fact it must presume that another is true, the inference must be one which reasonable minds beyond a reasonable doubt could draw from the proven fact.”
The statutory presumption that a person found in possession of marijuana also had knowledge that it had been illegally imported was found unconstitutional in Leary v. United States, supra. The United States Supreme Court held that “a presumption must be regarded as ‘irrational’ or ‘arbitrary’ and hence unconstitutional, unless it can be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend."

. The entire bill of information in pertinent part reads as follows:
“that one SALVADORE BURTON, late of the Parish of Orleans, on the twenty-fourth day of May in the year of our Lord, one thousand nine hundred and seventy-nine in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal Court for the Parish of Orleans, did wilfully and unlawfully have in his possession an unregistered pistol on which the serial number had been obliterated, contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.”