439 So.2d 646 (1983)
STATE of Louisiana
v.
Carlos R. SWANSON.
No. 83 KA 0290.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*647 Vincent Wilkins, Baton Rouge, for defendant and appellant, Carlos R. Swanson.
T. Barry Wilkinson, Asst. Dist. Atty., Port Allen, for appellee, State of La.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
Defendant, Carlos R. Swanson, was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62. One of the issues on appeal is whether pursuant to a plea bargain, defendant knowingly and intelligently waived his rights and freely and voluntarily entered a plea of guilty pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The second assignment of error addresses excessiveness of sentence.
The trial judge determined that defendant had entered a plea of guilty to the charge of simple burglary and subsequently sentenced defendant to confinement with the Louisiana Department of Corrections for a period of nine (9) years, with the recommendation that he go to DeQuincy or, in the alternative, to the Hunt Correctional Institute.

Voluntariness of Guilty Plea
From the colloquy between the court and defendant, attached hereto as Appendix A, it is obvious that although the defendant admitted certain criminal activity, he did not enter a plea of guilty. A guilty plea is more than a confession which admits that the accused did various acts; it is itself a conviction leaving nothing remaining but to give judgment and determine punishment. The plea of guilty must be clear from the record. Boykin v. Alabama, supra.
The transcript of the testimony during the Boykin examination reflects the trial judge's question: "Are you pleading guilty to the crime of simple burglary which carries with it a penalty of twelve years?", and the defendant's answer of "No sir". The next question is "You are guilty; or are you doing it for some other reason?" and the answer thereto, "No sir."
A review of the entire colloquy contains no clarification or explanation as to defendant's denial that he was entering a guilty plea at that time. Therefore, it was error on the part of the trial judge to consider petitioner's statement as a guilty plea where it is evident from the record that defendant either was not pleading guilty or did not knowingly and voluntarily enter a plea of guilty. Clearly, a plea under these circumstances is constitutionally infirm under the standards set forth in Boykin, supra.

Excessiveness of Sentence
Defendant contends that the trial court erred when it imposed an excessive sentence of nine (9) years. Because this court has vacated defendant's conviction and sentence, it is not necessary to consider the excessiveness of defendant's sentence at this time.
The conviction and sentence of defendant are vacated, and the case is remanded to the trial court to reinstate the plea of not guilty and proceed in accordance with law.
REVERSED AND REMANDED.
 "APPENDIX A"
STATE OF LOUISIANA : EIGHTEENTH JUDICIAL DISTRICT COURT
 VS. : PARISH OF WEST BATON ROUGE
CARLOS R. SWANSON : STATE OF LOUISIANA
 NO. 98,756
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
 Transcript of proceeding had in this matter on August 3, 1982 at the Parish Courthouse
in Port Allen, West Baton Rouge Parish, Louisiana.
 ********************************************************
*648
 HONORABLE EDWARD N. ENGOLIO
 JUDGE PRESIDING
APPEARANCES:
T. BARRY WILKINSON, ESQUIRE :
Assistant District Attorney :
18th Judicial District Court :
Port Allen, Louisiana : For the State of Louisiana
John M. Bemiss, Jr., :
Asst. Indigent Defender :
Port Allen : For the Defendant
 Reported by:
 Edith T. Dugas
 Deputy Clerk of Court and
 Court Reporter
 Parish of West Baton Rouge
 Port Allen, Louisiana

Tuesday, August 3, 1982
MR. WILKINSON: Your Honor, the first matter before the Court is State of Louisiana versus Carlos R. Swanson, charge of burglary. He heretofore plead not guilty and it's my understanding he wishes to tender a plea of guilty at this time.
Is that right, Mr. Swanson?
DEFENDANT: Yes, sir.
BY THE COURT:
Q What is your name?
A Carlos R. Swanson.
Q Where do you live?
A Highway 190, in Port Allen.
Q How old are you?
A Eighteen.
Q When were you born?
A 1963.
Q What date?
A August 20.
Q Where did you go to school?
A I went to school at Dufroq Elementary School in Baton Rouge.
Q Did you go to high school?
A Yes, in Massachusetts.
Q What grade did you go to?
A Tenth.
Q You've been charged with Simple Burglary, which is the unauthorized entering of any dwelling, vehicle, watercraft or other structure, movable or immovable, with the intent to commit a felony or any theft. Whoever commits the crime of Simple Burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years or both. That is the crime that you're charged with.
THE COURT: Now whose building did he go into?
MR. WILKINSON: The State National Life Insurance Company, one of the insurance companies here, the office building, Your Honor. State National Life Insurance Company in the City of Port Allen.
THE COURT: What did he take?
MR. WILKINSON: He took some checks and other items, but most important was the checks.
THE COURT: Did you recover the checks?
MR. WILKINSON: I think so, Your Honor. Did we recover all of them?

*649 DEFENDANT: Yes.
BY THE COURT:
Q You have a right to be tried by a judge or by jury and at that trial you would have a right to a lawyer, if you couldn't afford one, one would be appointed for you. If you lost the case he would be obligated to take an appeal for you even though the grounds for the appeal would not be sound. You are presumed to be innocent until proved guilty beyond a reasonable doubt; and the burden of proof is on the State to have to confront you with the witnesses competing against you. You would have a right to cross-examine these witnesses through your counsel. You would be able to summon witnesses in your behalf through compulsory process and you would not have to incriminate yourself and this could not be held against you. You wouldn't have to take the witness stand and no one in the courtroom could even comment on that. When you appear here to offer a plea to this Court, you waive all these rights. Do you understand that; except the right to attack the judge's conversation with you now with a writ of Habeas Corpus. Do you understand that?
A Yes, sir.
Q Do you appear here freely, willingly and voluntarily, or have you been forced to come up here and offer a plea of guilty?
A Freely, sir.
Q Are you pleading guilty to the crime of Simple Burglary which carries with it a penalty of twelve years
A No, sir.
Q You are guilty; or are you doing it for some other reason?
A No, sir.
Q Did you go into the State National Life Insurance building and take some checks?
A Yes, sir.
Q You understand that although your attorney and the State have entered into a plea bargain, the Court is not obligated to accept that bargain. Do you understand that?
A Yes, sir.
THE COURT: What is the recommendation?
MR. BEMISS: Actually, Your Honor, we're asking for a presentence investigation in this matter.
MR. WILKINSON: We understand he might possibly have a prior offense in Massachusetts, Your Honor and it just depends onI think that would have an effect on the number of years I might recommend.
THE COURT: The Court orders that the plea be typed and a presentence investigation will be conducted in this case. The Court makes no promises to you whatsoever. Do you understand that?
DEFENDANT: Yes, sir.
MR. WILKINSON: Thank you, Your Honor.
MR. BEMISS: Thank you, Judge.
THE COURT: Be back here on the 28th of September for sentencing.
STATE OF LOUISIANA
PARISH OF WEST BATON ROUGE
I, Edith T. Dugas, Deputy Clerk of Court and Court Reporter in and for the Parish of West Baton Rouge, do hereby certify that the foregoing is a true and correct transcript of the proceeding had in this matter on the 3rd day of August, 1982 at the Parish Courthouse in Port Allen, West Baton Rouge Parish, Louisiana, as taken by me in shorthand notes complemented with magnetic tape recording and then reduced to typewriting by me.
I further certify that I am not an attorney or counsel for any of the parties; that I am not related or employed by any attorney or counsel connected with this action; and that I have no financial interest in the outcome of this action.
Port Allen, Louisiana this 5th day of August, 1982.
*650
 /s/ Edith T. Dugas
 EDITH T. DUGAS
 Deputy Clerk of Court and
 Court Reporter
 Parish of West Baton Rouge
 Port Allen, Louisiana