461 So.2d 1059 (1984)
STATE of Louisiana
v.
Kirby CHAMPAGNE.
No. CR84-34.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
Rehearing Denied January 2, 1985.
Kirby Champagne, pro se.
Michelle Jackson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before GUIDRY, STOKER and YELVERTON, JJ.
GUIDRY, Judge.
Defendant, Kirby Champagne, was charged by bill of information on November 19, 1981, with the crime of attempted aggravated arson, in violation of La.R.S. 14:27 and 14:51; simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2; and, manufacture and possession of a bomb without a license in violation of *1060 La.R.S. 14:54.3. Bond was set at $150,000.00.
On November 24, 1981, defendant filed a motion for bond reduction. The State replied by seeking an increase in the bond. A bond reduction hearing was held on June 3, 1982, as a result of which the court increased defendant's bond to $250,000.00. Defendant filed a second request for bond reduction which was denied. He thereafter applied to the Supreme Court for relief. On June 14, 1982, the Supreme Court granted a writ and reduced defendant's bail to $50,000.00. 416 So.2d 112.
Defendant was formally arraigned on January 6, 1982. At arraignment, defendant entered a plea of not guilty to all three counts against him. A motion for a speedy trial was filed by defendant, requesting that the case be tried on May 11, 1982. The case came up for trial on that date but was continued to May 24, 1982, on the court's own motion. A second continuance was granted when the case came up for trial on May 24, 1982. Neither the defendant nor his counsel were present in court on that date. The trial was rescheduled for July 20, 1982.
On July 19, 1982, defendant and his counsel appeared in open court. Pursuant to a plea bargain agreement, the defendant on that date pleaded guilty to the crimes of attempted aggravated arson and manufacturing and possessing a bomb. The State then dropped the simple burglary charge against defendant. The court accepted the guilty pleas after a complete Boykinization[1] of defendant and ordered a presentence investigation.
The defendant was sentenced on October 22, 1982. The trial judge took into account the plea bargain agreement, the presentence investigation report and the guidelines as set out in La.C.Cr.P. Art. 894.1. On the charge of attempted aggravated arson, defendant was sentenced to serve a term of three (3) years at hard labor, the first year of which to be without parole, probation or suspension of sentence. On the charge of manufacturing and possessing a bomb, defendant was sentenced to serve a term of five (5) years at hard labor, said term being suspended and defendant placed on active supervised probation for two (2) years. The sentences were ordered to run consecutively with credit for time served.
Defendant, in proper person, appeals his convictions and sentences, alleging ten assignments of error.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in setting an excessive bail before and after conviction and sentencing. Since the defendant failed to present any argument concerning the denial of bail after sentencing and pending appeal, this issue is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). As to the issue of the excessiveness of the preconviction bail, defendant secured a reduction of such by our Supreme Court. La.C. Cr.P. Art. 322. Nevertheless, the issue of bail after conviction is moot. State v. Jones, 332 So.2d 267 (La.1976); State v. Malvo, 357 So.2d 1084 (La.1978).

ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant urges that the trial court erred in denying him a speedy trial. La.C.Cr.P. Art. 701(D) provides in pertinent part:
"After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial of a felony or misdemeanor shall be as follows:
(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody..."
Defendant's motion for a speedy trial was filed on April 20, 1982. After a series of continuances, trial was finally set for July 20, 1982. On July 19, 1982, defendant appeared in open court and voluntarily changed his plea to guilty on counts one *1061 (attempted aggravated arson) and three (manufacture and possession of a bomb). This appearance was well within the required 120 days. Further this issue is now moot since, by his guilty plea, defendant waived all nonjurisdictional defects in the proceedings. State v. Jenkins, 419 So.2d 463 (La.1982).

ASSIGNMENTS OF ERROR NOS. 3 AND 4
Through these assignments, defendant urges that the trial court erred in admitting evidence of other acts in the preplea proceedings and that there was insufficient evidence on which to base a conviction. In State v. Fontenot, 410 So.2d 1112 (La.1982), the court noted that, "a plea of guilty generally waives all non-jurisdictional defects in the pre-plea proceedings." The court in State v. Swanson, 439 So.2d 646 (La.App. 1st Cir.1983), emphasized, "a guilty plea is more than a confession which admits that the accused did various acts; it is itself a conviction leaving nothing remaining but to give judgment and determine punishment." For these reasons, these assignments are without merit.

ASSIGNMENT OF ERROR NO. 5
Through this assignment, defendant urges that the trial court erred in sentencing him contrary to a plea bargain agreement. Defendant appeared in open court with his counsel on July 19, 1982 to change his plea of not guilty to guilty. The record reveals the following conversation between the trial judge, Ms. Jackson, the assistant district attorney, and Mr. Edwards, counsel for defendant:
"MS. JACKSON:
For the record, Your Honor, this is Docket Number 46419, set for trial. The defendant is Kirby James Champagne. He is charged on the bill of information with three (3) counts. Count 1, attempted aggravated arson; Count 2, burglary of an inhabited dwelling; and Count 3, possession and manufacture of a bomb.
At this time, it is my understanding through a receipt of a guilty plea form that the defendant wishes to enter a guilty plea on Count 1 and 3. And, in return, the State would agree to noll pross (sic) the burglary charge or dismiss it as part of the plea bargain. The defendant has filled outor rather the State has filled out and the defendant has signed and gone over with his attorney a guilty plea form as to each of the counts. I would hand it to the Court at this time and state for the record that in addition to the agreement by the State to dismiss Count 2, the burglary, the State would also recommend that if the plea is accepted by the Court that the Court order a pre-sentence investigation of this matter. And, the State will make no recommendation as to a sentence.
MR. EDWARDS:
Your Honor, it is our understanding on the plea of guilty for those two counts that there be a pre-sentence investigation as recommended to the Court and (sic) the facts are as represented to the Court, that the accused be sentenced to a term of 5 years, 2 of which are on active probation, 3 of which are at hard labor. And, that he will be given credit for all of the time he has served, which would be about 9 months.
THE COURT:
And, of course, the first year would have to be served. You cannot suspend the paroleHow does it go again?"
The court minutes of July 19, 1982, appear clearly in accord with the above, the minutes for that date reading in pertinent part as follows:
"The accused at this time changed his previous plea of Not Guilty to Guilty of Count 1 and Count 3 of the Bill of Information. The State at this time dismissed Count 2 of the Bill of Information. The State at this time recommended a presentence investigation on the accused if the Court accepted the plea, and the State will make no recommendation as to the sentence of the accused. The Defense informed the Court that it was their understanding that pleading Guilty to the two (2) counts and if the presentence investigation is as represented to the *1062 Court and if the facts or (sic) as represented to the Court, that the accused would be sentenced to a term of five (5) years, two of which would be on active probation, three of which would be at hard labor, and that the accused would be given credit for all time served, which would be about nine (9) months. The Court informed the Defense that the first year would be without parole, probation, or suspension of sentence."
As aforestated, the defendant was sentenced on October 22, 1982, the minutes of court of that date reflecting the sentence imposed to be as follows:
"The Court sentences that (sic) accused on the charge of Attempted Aggravated Arson (sic) be entrusted to the custody of the Louisiana Department of Corrections to serve a term of three (3) years at hard labor, of which the first year shall be without parole, probation or suspension of sentence. The Court will give the accused credit for time served.
The Court sentence (sic) the accused on the charge of Manufacture of a Bomb to be entrusted to the custody of the Louisiana Department of Corrections to serve a term of five (5) years at hard labor, said term being suspended upon the accused being placed on Active Supervised Probation for a term of two (2) years. Said sentence is to run consecutive with the sentence imposed on the Attempted Aggravated Arson."
As we understand defendant's argument, he urges that the sentences imposed by the trial court on the two charges to which he pleaded guilty when made to run consecutively, as ordered by the court, exceed by three years the maximum sentence for which he bargained. Thus, defendant argues that the sentences imposed should be amended to run concurrently to the end that defendant would not be exposed to a term greater than five years at hard labor in accordance with the plea bargain agreement.[2]
We find defendant's contention meritorious. The record clearly reflects an understanding between the defendant and the court that subject to a favorable presentence report the defendant would be sentenced on both counts to a term of five years, three of which would be at hard labor and two of which would be on active probation and that the defendant would be given credit for time served. There is nothing in the record to suggest that the presentence report was unfavorable or contrary to the facts represented to the court at the time of sentencing. The sentences actually imposed by the trial court, since ordered to run consecutively, exceed the five years maximum term agreed upon. If the sentences imposed are made to run concurrently, the sentences will be in full compliance with the plea bargain agreement reflected by the record. For these reasons, we will affirm defendant's convictions, but this matter will be remanded to the trial court for correction of sentence pursuant to the provisions of La.C.Cr.P. Art. 882 and in accord with the views above expressed.

ASSIGNMENTS OF ERROR NOS. 6, 7 AND 8
Through these assignments, defendant argues that the trial court failed to properly apply the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1 and that the sentences imposed are excessive. Since we conclude that we must remand this matter for resentencing in accordance with the plea bargain agreement, we do not consider these assignments of error except to note that the articulation of reasons for sentence as mandated by La.C.Cr.P. Art. 894.1 is not necessary when the defendant has entered into a plea bargain agreement and, further, the defendant is precluded from challenging the sentences for excessiveness. State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983) and cases cited therein.

ASSIGNMENT OF ERROR NO. 9
The defendant asserts through this assignment of error that the trial court erred *1063 in failing to furnish a transcript of his Boykinization. Although we are aware of no statutory or jurisprudential authority which requires that the court furnish a defendant with a transcript of the Boykinization process, we observe that, in the instant case, the trial court did comply with defendant's request. This assignment of error is therefore moot.

ASSIGNMENT OF ERROR NO. 10
Defendant's tenth and final assignment of error deals with the trial court's alleged denial of post conviction relief. La. C.Cr.P. Art. 924.1 states:
"An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending."
It is clear from Article 924.1 that the defendant's request for post conviction relief was properly denied by the trial court. This assignment of error is without merit.
For the above and foregoing reasons, defendant's convictions are affirmed, however, this matter is remanded to the trial court for resentencing in accord with the views herein expressed.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] Defendant does not seek a withdrawal of his guilty pleas, but rather only that the sentences imposed be amended pursuant to the provision of La.C.Cr.P. Art. 882.