BARRY, Judge.
Defendant pled guilty to manslaughter, La.R.S. 14:31, and five months later filed a motion to withdraw the plea. After a hearing the motion was denied and he was sentenced to ten years at hard labor. He assigns as error the denial of the motion.
Kevin Collins, a 16 month old child abuse victim, had trouble breathing and the defendant called an ambulance which took the baby to Charity Hospital where he died. The autopsy reported a lacerated liver, bruises on the face, head, back, buttocks, and broken ribs. Obviously the child was severely beaten. Defendant admitted that he disciplined, spanked, and struck the helpless youngster.
Defendant argues he entered the plea to protect his girlfriend, the child’s mother, and claims he did not beat the child. At the motion hearing the trial judge stated the motion was filed after the pre-sentence report was received and the defendant realized he would not receive a suspended sentence.
The record clearly shows the defendant was informed of his rights against self-incrimination, to a jury trial, and to confront his accusers. The defendant said he was not threatened or coerced and informed the court he understood and waived his rights. The court concluded there was a factual basis and the defendant intelligently and voluntarily entered his guilty plea.
On appeal defendant argues at the time of the plea he did not know (and could not have known) the child suffered internal injuries before he got custody. Defendant, however, does not explain why that knowledge was not available when he pleaded guilty in February, 1983 to the crime committed on August 28, 1982. Also unsupported is defendant’s contention that if evidence had been allowed at the motion hearing it would have shown he did not knowingly plead guilty.
La.C.Cr.P. Art. 559, in pertinent part, provides that “[t]he court may permit a plea of guilty to be withdrawn at any *889 time before sentence.” Great discretion is vested in the trial judge; however, that discretion cannot be exercised arbitrarily and abuse of discretion can be corrected on appeal. State v. Jenkins, 419 So.2d 463 (La.1982); State v. Johnson, 406 So.2d 569 (La.1981).
Guilty pleas must be both voluntary and intelligent. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Guilty pleas should be afforded a great measure of finality. State v. Bosworth, 451 So.2d 1070 (La.1984). A guilty plea by its nature admits factual guilt and relieves the state of the necessity of proving it by a contested trial. State v. Bourgeois, 406 So.2d 550 (La.1981). A mistake of fact is not sufficient to render defendant’s guilty plea constitutionally infirm. State v. Taylor, 441 So.2d 1306 (La.App. 1st Cir.1983).
In State v. Bourgeois, supra, defendant’s motion to withdraw his plea was predicated on a claim that there was no evidence he possessed cocaine while in Louisiana. The Supreme Court, noting that a guilty plea admitted factual guilt, held that denial of the motion was not an abuse of discretion.
In State v. Jenkins, supra, defendant pleaded guilty and then moved for a new trial alleging he was not in town at the time of the offense. The motion was treated as an attempt to withdraw the plea, and the court found no abuse of discretion because the alleged evidence had been available to defendant long before trial.
Defendant’s guilty plea was knowingly and voluntarily made. The State did not breach a plea bargain, there was no lack of notice as to the nature of the charge and the plea was constitutionally proper. He was Boykinized. The record is void of any basis to support the motion to withdraw the guilty plea.
The district court judgment is affirmed.
AFFIRMED.