DIXON, Chief Justice.
Minor Bell was charged with possession of a firearm from which the serial number had been obliterated, without having registered the firearm with the Louisiana Department of Public Safety, in violation of R.S. 40:1785. Defendant entered an oral motion to quash alleging the impossibility of registering a weapon which has had its serial number obliterated. He further alleged that any attempt to do so would have resulted in his arrest and thus would have violated his privilege against self-incrimination. Therefore, defendant contends that a statute penalizing mere possession of an unregistered weapon under these circumstances is unconstitutional. The district court agreed and granted the motion to quash. The state appealed the ruling to this court. La. Const, art. 5, § 5(D)(1) (1974).
R.S. 40:1785 provides that “[no] person shall receive, possess, carry, conceal, buy, sell, or transport any firearm which has not been registered or transferred in accordance with this Part.” For purposes of this statute, R.S. 40:1781(3) defines a “firearm” as follows:
“ ‘Firearm’ means a shotgun having a barrel of less than eighteen inches in length; a rifle having a barrel of less than sixteen inches in length; any weapon made from either a rifle or a shotgun if said weapon has been modified to have an overall length of less than twenty-six inches; any other firearm, pistol, revolver or shotgun from which the serial number or mark of identification has been obliterated, from which a shot is discharged by an explosive, if that weapon is capable of being concealed on the person; or a machine gun or gas grenade; and includes a muffler or silencer for any firearm, whether or not the firearm is included within this definition. Pistols and revolvers and those rifles and shotguns which have not previously been defined in this Paragraph as firearms from which serial numbers or marks of identification have not been obliterated are specifically exempt from this definition.” (Emphasis added).
This court in State v. Hamlin, 497 So.2d 1369 (La.1986), considered, and rejected, the contention that the registration requirements of this statute impinge on an individual’s privilege against self-incrimination. The defendant in Hamlin was charged with possession of an unregistered shotgun having a barrel less than eighteen inches in length. In Hamlin this court reviewed a 1976 amendment to R.S. 40:1784 which provides:
“No information or evidence obtained from an application, registration or records required to be submitted or retained by a natural person in order to comply with any provision of this Part or regulations issued thereunder shall, except as provided by the laws on perjury or false swearing, be used, directly or indirectly, as evidence against that person in a criminal proceeding with respect to a violation of law occurring prior to or *853 concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence.”
The court held that the amendment was enacted to “constitutionalize the firearms registration requirement of R.S. 40:1785 against claims that that statute violated the constitutional privilege against self-incrimination.” Id. at 1373. The pistol in the case at bar and the shotgun in Hamlin are analogous since both are “firearms” within the definition of R.S. 40:1781(3), and both are subject to the registration requirements of R.S. 40:1785.
In his brief to this court, defendant advanced the alternative argument that, aside from the constitutional issue, he was entitled to have the bill of information quashed for the reason that it charges the defendant with violations of R.S. 40:1785 and R.S. 40:1788 and thus is “duplicitous.” In support, he relies on State v. Burton, 382 So.2d 939 (La.1980).
A review of Burton and R.S. 40:1788 fails to support the contention that the information is defective. In Burton defendant was charged with “possession [of] an unregistered pistol on which the serial number had been obliterated,” but the state alleged that such conduct was a violation of R.S. 40:1788. Id. R.S. 40:1788 prohibits obliteration of a serial number on a firearm but does not purport to proscribe possession of unregistered firearms with obliterated serial numbers. This court quashed Burton’s bill of information because it did not charge conduct criminal under R.S. 40:1788. Id. at 930.
In the present case, a fair reading of the defendant’s bill of information supports the view that it merely restates the essential elements of R.S. 40:1785, a statute that does prohibit possession of unregistered firearms from which serial numbers have been obliterated. Burton is, therefore, not applicable here, and the charging document is not defective.
For the above reasons, the ruling of the trial judge quashing the bill of information against Minor L. Bell is reversed, and the case is remanded for further proceedings.