567 So.2d 744 (1990)
STATE of Louisiana, Appellee,
v.
Howard E. BUGGS, Appellant.
No. 21813-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
*745 Walter V. Kendrick, Baton Rouge, for appellant.
William J. Guste, Jr., Atty. Gen., John C. Blake, Dist. Atty., George H. Meadors, Asst. Dist. Atty., for appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Howard E. Buggs, attacks his conviction for possession of an unregistered firearm with an altered identification number, a violation of LSA-R.S. 40:1785. The conviction was entered pursuant to a guilty plea. We affirm.

FACTS
On May 4, 1989, the defendant was stopped by officers of the Claiborne Parish Sheriff's Office, pursuant to a routine traffic stop. The defendant consented to a warrantless search of his vehicle which yielded some marijuana seed, some cocaine residue and a .38 caliber pistol upon which the serial number had been obliterated.
The defendant was charged by bill of information with obliterating or altering the identification number on the pistol, a violation of LSA-R.S. 40:1788(B).[1] Under a separate docket number, the defendant was also charged with possession of cocaine.
On September 26, 1989, pursuant to a plea bargain agreement, the defendant entered a plea of guilty to one count of possession of an unregistered firearm with an *746 altered identification number, a violation of LSA-R.S. 40:1785. The bill of information was amended to reflect the change in the charge. The amendment was made in order to charge the defendant with the mere possession of an unregistered firearm with an obliterated or altered identification number rather than charging him with the actual alteration or obliteration. The record shows that the defendant agreed to this amendment to the bill of information and voluntarily entered a guilty plea.
In exchange for the defendant's plea of guilty, the charge of possession of cocaine, pending under a separate docket number, was dismissed. Two traffic violations, which formed the basis for the original stop, were also dismissed.
On November 7, 1989, the defendant appeared before the court for sentencing. The court ordered the defendant to serve three years at hard labor. The defendant appealed his conviction and sentence.
The defendant claims that the trial court erred in accepting his plea of guilty to possession of an unregistered firearm with an altered or obliterated serial number under LSA-R.S. 40:1785, where the state failed to show that the firearm was serviceable, pursuant to LSA-R.S. 40:1782. This argument is meritless.

DISCUSSION
LSA-R.S. 40:1785, the offense to which the defendant pled guilty, provides:
No person shall receive, possess, carry, conceal, buy, sell or transport any firearm which has not been registered or transferred in accordance with this Part.
LSA-R.S. 40:1781(3) sets forth a definition of a "firearm":
(3) "Firearm" means a shotgun having a barrel of less than eighteen inches in length; a rifle having a barrel of less than sixteen inches in length; any weapon made from either a rifle or shotgun if said weapon has been modified to have an overall length of less than twenty-six inches; any other firearm, pistol, revolver or shotgun from which the serial number or mark of identification has been obliterated ... [Emphasis supplied]
Therefore, the defendant was charged with possession of an unregistered weapon with an altered or obliterated identification number.[2] However, the defendant argues that LSA-R.S. 40:1782 sets forth exceptions to the charged offense, LSA-R.S. 40:1785, and that the prosecution was required to negate those exceptions in setting forth a chargeable offense.
LSA-R.S. 40:1782 sets forth the exceptions as follows:
This Part does not apply to the following persons and things:
(1) Sheriffs or equivalent or municipal officers in municipalities of over ten thousand, when they are acting in their official capacity.
(2) The arms, accoutrements, and equipment of the military and naval forces of the United States or of other officers of the United States authorized by law to possess weapons of any kind.
(3) The arms, accoutrements, and equipment of the militia.
(4) Any firearm which is unserviceable and which is transferred as a curiosity or ornament.
The defendant makes a two-pronged argument. The defendant contends that the bill of information did not negate the exception in LSA-R.S. 40:1782(4), because it did not show that the firearm was serviceable. The defendant also argues that the trial court erred in accepting his guilty plea when the prosecution failed to prove or establish at the time of the entry of the guilty plea that the firearm was serviceable.[3] These arguments are meritless.

*747 Bill of Information

Even though LSA-R.S. 40:1782 sets forth the exceptions to the statutory requirements for registration of firearms, the prosecution was not required to negate those exceptions in the bill of information charging the defendant with a violation of LSA-R.S. 40:1785. LSA-C.Cr.P. Art. 479 provides:
An indictment shall not be invalid or insufficient for the reason that it fails to negative an exception, excuse, or proviso contained in the statute creating or defining the offense. An exception, excuse, or proviso must be urged by way of defense.
Therefore, the trial court did not err in accepting the defendant's knowing and voluntary guilty plea even though the bill of information did not allege that the weapon was serviceable. The defendant never argues that the firearm was, in fact, unserviceable. However, under LSA-C.Cr.P. Art. 479, if the firearm was unserviceable, the burden was on the defendant to urge this fact by way of a defense to the offense charged.

Guilty Plea
The defendant claims that the exceptions contained in LSA-R.S. 40:1782 are analogous to an essential element of the offense and that "a guilty plea cannot be considered voluntary in a constitutional sense if the admission did not encompass every element of the crime." The defendant seems to argue that the serviceability of the weapon was an essential element of the crime and that the state's failure to establish or prove this element of the offense at the time the guilty plea was entered renders the plea invalid. This argument is meritless.
A guilty plea is more than a mere confession which admits that the accused did various acts; it is itself a conviction leaving nothing remaining but to pronounce judgment and determine punishment. State v. Champagne, 461 So.2d 1059 (La.App. 3rd Cir.1984). A plea of guilty generally waives all nonjurisdictional defects in the pre-plea proceedings. State v. Coleman, 412 So.2d 532 (La.1982); State v. Fontenot, 535 So.2d 433 (La.App. 3rd Cir.1988). A claim that a plea is involuntary because the defendant was unaware of the elements of the offense is neither a jurisdictional defect nor an error discoverable by mere inspection of the pleadings and proceedings. State v. Fabre, 525 So.2d 1222 (La.App. 1st Cir.1988), writ denied 532 So.2d 148 (La.1988).
When a defendant objects to the failure of the court to determine whether the defendant knew or was advised of the elements of the offense, he must also show that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. State v. Bowick, 403 So.2d 673 (La.1981).
The defendant has not alleged that he was unaware of the elements of the offense to which he pled guilty. Those elements, as set forth in LSA-R.S. 40:1785, include possession of an unregistered firearm with an altered or obliterated identification number. The defendant readily admitted that he was in possession of the weapon, that the identification number was obliterated, and that the weapon was not registered. The record shows that not only was the defendant aware of the elements of the offense charged, but he admitted his guilt.
However, even though it is clear that the defendant was aware of the elements of the offense to which he pled guilty, he argues that the prosecution was still required to set forth proof of facts supporting his guilt. This argument is meritless.
A guilty plea by its nature admits factual guilt and relieves the state of the necessity of proving it by a contested trial. State v. Addison, 464 So.2d 887 (La.App. 4th Cir.1985); State v. Bourgeois, 406 So.2d 550 (La.1981). A plea of guilty waives the defendant's right to question the merits of the state's case and the factual basis underlying the conviction. State v. Harden, 506 So.2d 1265 (La.App. 2d Cir. 1987). A defendant's plea of guilty constitutes an intelligent waiver of appellate review of the prosecution's case against him. State v. Hathaway, 411 So.2d 1074 (La. 1982).
*748 The state was not required to negate an exception in the bill of information. Further, the defendant was aware of the elements of the offense and knowingly and voluntarily entered a plea of guilty, admitting the elements of the crime. The defendant thereby waived his right to object to nonjurisdictional defects and relieved the state of its burden of proving his guilt in a contested trial. The defendant's arguments are without merit and his conviction is affirmed.

EXCESSIVE SENTENCE
The defendant, a first felony offender, was sentenced to serve three years at hard labor for the present offense. In his assignments of error, the defendant alleged that the trial court erred in imposing an excessive sentence and in failing to follow the guidelines set forth in LSA-C.Cr.P. Art. 894.1 in imposing sentence. However, these assignments of error were neither briefed nor argued in brief and are considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989).

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Howard E. Buggs.
AFFIRMED.
NOTES
[1] LSA-R.S. 40:1788 provides:

A. Each manufacturer, importer, and dealer in any firearm shall identify it with a number or other identification mark approved by the department and shall mark or stamp or otherwise place the number or mark thereon in a manner approved by the department.
B. No one shall obliterate, remove, change or alter this number or mark. Whenever, in a trial for a violation of this Sub-section, the defendant is shown to have or to have had possession of any firearm upon which the number or mark was obliterated, removed, changed, or altered, that possession is sufficient evidence to authorize conviction unless the defendant explains it to the satisfaction of the court.
[2] A similar charge was approved in State v. Bell, 504 So.2d 851 (La.1987).
[3] If the defendant's argument was carried to its logical conclusion, the prosecution would also be required to show that the exceptions contained in LSA-R.S. 40:1782(1), (2) and (3), dealing with law enforcement officials, military personnel, and the militia were also negated. However, the defendant makes no mention of these exceptions.