JjBROWN, C.J.
Defendant, Michael Chad Lowe, was indicted with the aggravated rape of a child under the age" of 12. The prosecution agreed to accept a guilty plea to forcible rape, a violation of La. R.S. 14:42.1, punishable by not less than five years nor more than 40 years at hard labor, at least two of which must be served without benefit. Defendant pled guilty to the amended charge and was sentenced to 25 years at hard labor, two of which would be without benefits. Following the denial of his motions for reconsideration of sentence, defendant has appealed his sentence as excessive. Finding no error, we affirm.

Discussion

The matters of record show that during the period from Janu'ary 2000 to January 2002, the then 35-year-old defendant was the stepfather of the victim, a child under the age of 12. Defendant lived with his wife and her three daughters in a trailer in Bossier City. During this period of time, on multiple occasions, defendant made the victim, who was between the ages of eight and ten years old, perform fellatio on him. He also performed oral sex on her on a number of occasions. The child’s sister eventually told her mother what had occurred. When confronted, defendant denied the allegations to his wife, but then turned himself in to Bossier police and made a full confession to investigators. A sanity commission determined that defendant was competent.
Defendant argues that because he did not use force or threats there is no factual basis for the conviction for forcible rape. A guilty plea, however; relieves the state of the burden of proving guilt and waives defendant’s right 12to question the merits of the state’s case and the factual basis underlying the conviction. State v. Buggs, 567 So.2d 744 (La.App. 2d Cir. 1990). Further, facts of record show that defendant committed the offense of aggravated rape, for which the state could have sought the death penalty. Defendant agreed in open court that the recited factual basis was correct. This argument is meritless.
Equally without merit is defendant’s pro se claim that there was a “plea bargain” for a 12-year sentence.[1] The record contains no evidence of such an agreement; in fact, at his guilty plea, defendant stated that no one had made any promises or threats to induce his plea. The only indication in the record concerning the alleged agreement was defendant’s self-serving statement that his defense counsel indicated that such a sentence was “most likely.”
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So. 430.
On this record, we do not find constitutional error. Defendant received leniency from the state’s agreement to reduce the charge to an offense carrying less than a potential death penalty or a mandatory life Issentence. The record shows that defendant was 36 years old at the time of sen *747 tencing. He had served ten years in the U.S. military until he was given a medical discharge and had been gainfully employed since then. He had no prior convictions other than one for DWI. Defendant reported that he was sexually abused as a child, and claimed to be remorseful for the instant behavior. Serious aggravating factors in this case include that defendant, as the child’s stepfather, was in a position of control over the child; he committed these offenses when the child was alone with him and under his supervision; defendant knew that the child had previously been sexually abused; and defendant committed these offenses on multiple occasions over a protracted period of time.
The 25-year sentence is lawful. Considering defendant’s history, the benefits of the plea bargain and the facts and circumstances of the case, the sentence is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. This assignment of error is without merit.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. Defendant filed a pro se motion for reconsideration of sentence.