892 So.2d 710 (2005)
STATE of Louisiana, Appellee,
v.
Jeannette P. HARDY, Appellant.
No. 39,233-KA.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2005.
*711 Louisiana Appellate Project, by James E. Beal, Jonesboro, for Appellant.
J. Schuyler Marvin, District Attorney, Charles Jacobs, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before GASKINS, DREW and MOORE, JJ.
*712 MOORE, J.
The state originally charged defendant Hardy with one count of possession of cocaine with intent to distribute but agreed to accept her guilty plea to the attempt thereof, a violation of La. R.S. 40:967 punishable by no more than 15 years at hard labor plus an optional fine. Defendant pled guilty to the amended charge and was sentenced to serve 15 years at hard labor. Following the denial of her motion for reconsideration of sentence, she appeals that sentence as excessive and argues that the district court failed to give sufficient consideration to mitigating circumstances. We affirm.
The matters of record show that on September 20, 2002, defendant made arrangements to sell an "eight ball" of crack cocaine to a police agent and a confidential informant. As defendant approached the informant's Bossier City residence, police officers stopped her. A female police officer searched defendant and found 5.9 grams of crack cocaine hidden in her clothing. The crime lab confirmed the identity of the substance.
Defendant's pro se motion for reconsideration urged various failures in the state's evidentiary support for the conviction. A guilty plea relieves the state of the burden of proving guilt and waives the defendant's right to question the merits of the state's case and the factual basis underlying the conviction, as well as appellate review of the state's case against the defendant. State v. Buggs, 567 So.2d 744 (La.App. 2 Cir., 1990). Therefore, any issue concerning the sufficiency of the evidence is not properly before this court.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that she adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2 Cir. 6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App. 2 Cir. 2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
A trial court has broad discretion to sentence within the statutory limits. *713 Where a defendant has pled guilty to an offense which does not adequately describe her conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2 Cir. 5/12/04), 873 So.2d 939.
In contraband possession cases, past records of drug offenses weigh heavily in the decision to uphold the imposition of even maximum sentences. State v. Jones, supra.
Prior to imposing sentence, the court considered a PSI report and the facts of the case. The court detailed defendant's lengthy adult criminal record which began in 1974. Her convictions include seven instances of shoplifting and five of theft, possession of marijuana, two instances of resisting an officer, a Texas conviction for "delivery of narcotics," simple battery, criminal trespass, simple escape, simple burglary and possession of drug paraphernalia. The court noted that defendant was classified as a third felony offender and was on parole at the time of the instant offense. The court found that a lesser sentence would deprecate the seriousness of the offense and that there was no justification or mitigation.
Appellate defense counsel argues that the district court should have given more weight to the facts that defendant has a serious drug addiction problem, that she committed the instant offense to support her addiction, and that she has a family to offer her support for her addiction. However, it appears that during the preparation of the PSI report defendant told the investigator she had remained "clean" of cocaine use for the prior nine years.
On this record, we do not find constitutional error. Defendant is a third felony offender with prior conviction for possession of CDS with intent to distribute, delivery of narcotics and possession of drug paraphernalia. The offense of conviction does not adequately describe her criminal conduct. She was given great lenience by the state through its agreement to accept a guilty plea to a reduced charge and through the state's forbearance from filing an habitual offender bill. The sentence imposed is lawful, and, considering defendant's history, is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence which is supported by the record and which is not excessive.
Our error patent review discloses that at the time of sentencing the trial court did not advise the defendant of the time period within which to apply for post-conviction relief. The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. The trial court should have advised defendant, and we now advise her by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has *714 become final under the provisions of La. C. Cr. P. arts. 914 or 922.
The conviction and sentence are affirmed.
AFFIRMED.