954 So.2d 806 (2007)
STATE of Louisiana, Appellee
v.
Jeffery Sanchez SMITH, Appellant.
No. 41,829-KA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2007.
Rehearing Denied May 3, 2007.
*807 Louisiana Appellate Project by Edward K. Bauman, Lake Charles, Indigent Defender Board by Mary Louise Jackson, New Orleans, for Appellant.
Jeffery Sanchez Smith, Pro Se.
J. Schuyler Marvin, District Attorney, Mike Craig, Assistant District Attorney, for Appellee.
Before STEWART, MOORE and LOLLEY, JJ.
MOORE, J.
Defendant was charged by bill of information with Aggravated Criminal Damage to Property in violation of La. R.S. 14:55, an offense punishable by a fine up to ten thousand dollars or imprisonment at hard labor for not less than one year nor more than fifteen years, or both. The bill charged that on or about February 15, 2005, the defendant "did intentionally committ [sic] aggravated criminal damage to a door, wall, and various parts of the kitchen" belonging to the victim, "where it was foreseeable that human life might be in danger."
Pursuant to a guilty plea and sentence agreement, defendant pled guilty to the charge of "Felony Criminal Property Damage" and was sentenced to serve three years at hard labor, suspended and placed on three years probation with conditions including a $55 supervision fee; a fine of $500 and costs or serve 30 days default time; complete an anger management course; and serve time already served in jail. Part of the plea agreement required that the defendant make restitution to the Benton Place Apartments, which he made prior to entering his guilty plea. The state also agreed that it would not file an habitual offender bill and dismiss two other charges pending against the defendant  *808 aggravated battery and aggravated burglary.
Defendant now appeals, and he alleges that his conviction and sentence are invalid because the property damage amounted to only $275, which is below the threshold amount for felony criminal damage to property. La. R.S. 14:56(B). He contends that legally he could not plead guilty to a crime he could not have committed. For the following reasons, we affirm the conviction and sentence.

Facts
On May 1, 2006, the defendant withdrew his previous plea of "not guilty" to aggravated criminal damage to property and entered a plea of guilty to "felony" criminal damage to property. The guilty plea and sentencing transcript shows that the defendant was properly advised of his Boykin rights, and he waived those rights in order to plead guilty. The transcript establishes that the court ask the defendant if his attorney informed him of the maximum and minimum sentence associated with the charge, and he answered "yes, sir." The district attorney read the factual basis of the offense in which he stated that the defendant "did enter the apartment where Shannon Erika Scully resided, where he kicked in the door causing damage to the apartment at Benton Place Apartments" . . . and that "the damage has exceeded the amount required for this to be felony criminal property damage." The defendant affirmatively acknowledged that the district attorney's statement was correct. Defense counsel also indicated that he believed the defendant understood his rights and waived those rights, after which, the court found that the defendant knowingly and voluntarily waived his rights. The defendant pled guilty to the charge of felony criminal property damage and the court accepted the plea.
The transcript discloses that prior to the Boykin colloquy, the district attorney placed in the record a receipt indicating that the defendant paid $275 to the agent for the Benton apartments for the damages he caused to the property in question and the record shows that the court understood this to be a restitution of the damages to the property. After the court accepted the guilty plea and sentenced the defendant, the court stated that it "did not mention anything about restitution because based on the evidence provided, restitution has already been taken care of." The court also stated that it understood that the other two charges were being nolle prossed or dismissed and defense counsel added her understanding that there would be no multi-bill. Finally, the assistant district attorney placed in the record two letters from the two alleged victims of these crimes wherein they stated that they did not wish to further pursue the charges against the defendant.
After his conviction and sentencing, defendant filed a pro se motion for an appeal alleging his trial counsel made an error by not advising the court that the restitution was under $500, and that the district attorney had knowledge that the restitution was under $500, but did not so state in his summary of the facts, and that the Bill of Particulars showed that the damages were under $500. Appellate counsel was appointed through the Louisiana Appellate Project. Appellate counsel subsequently filed an Anders brief in conformity with the procedures outlined in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990) in which he stated that after a conscientious and thorough review of the record, he could find no non-frivolous issues to raise on appeal. In conjunction with this brief, appellate counsel moved to withdraw as counsel of record for the defendant. We denied the motion on *809 grounds that the defendant's pro se motion set forth arguable issues and ordered counsel to brief those issues.

Discussion
We observe initially that the appellate record in this case leaves much to be desired. The state did not bother to favor this court with a brief of the issues; instead, the state submitted only an unhelpful letter, concurring with the Anders brief submitted by appellate defense counsel. There is no record of the arrest or the police report indicating the initial charges at defendant's arrest by which we may evaluate the factual basis of the claims of the defendant. The defendant was apparently arrested for or charged with aggravated battery and aggravated burglary in addition to aggravated criminal damage to property. However, there is nothing in the record that establishes a factual basis for these questionable charges by the district attorney's office. We are also disturbed by our observation that possibly neither the district court, the district attorney, nor defense counsel were aware that there are two grades of felony criminal property damage, and, by virtue of the 3-year hard labor sentence, defendant's plea of guilty must have been to the highest grade of the offense, that is, criminal property damage over $50,000, notwithstanding their awareness that restitution amounted to only $275.
Turning to defendant's pro se claims, we note at the outset that the record before this court does not contain the Bill of Particulars upon which the defendant based his claim that this bill establishes that the damages were specified to be under $500. Defendant further alleges that both his counsel and the district attorney were aware that the damages were under $500, and his counsel did not bring the matter to the court's attention, nor did the district attorney state it in the summary of facts. The record establishes that the district attorney and court were aware that the damages to the Benton Place apartment were $275.
Any claim by defendant based upon an allegation of ineffective assistance of counsel should be raised by application for post conviction relief. La. C. Cr. P. art. 924, et seq.
Although the district attorney placed into the record a receipt from Benton Place Apartments for restitution by the defendant in the amount of $275, in reciting the factual basis of the guilty plea, he stated that the defendant "did enter the apartment where Shannon Erika Scully resided, where he kicked in the door causing damage to the apartment at Benton Place Apartments" . . . and that "the damage has exceeded the amount required for this to be felony criminal property damage." The defendant acknowledged to the court that this was an accurate statement of the facts.
The crime of simple criminal damage to property is a graded offense. La. R.S. 14:56. When the damage is less than $500, the maximum possible term of imprisonment is six months, rendering the crime a misdemeanor. There are two felony grades of the offense. When the damage is equal to or greater than $500 but less than $50,000, the maximum possible term of imprisonment, with or without hard labor, is two years. However, if the damage is greater than $50,000, the sentencing range is imprisonment with or without hard labor for not less than one year nor more than ten years.
Since the defendant received a hard labor sentence of three years pursuant to his guilty plea to "felony criminal property damage," he must have pled guilty to the highest felony grade of the offense, that is, criminal property damage greater than $50,000. The guilty plea and sentencing *810 transcript indicates that court asked the defendant if he had been informed by his attorney of the sentencing range of the crime associated with his guilty plea, and the defendant answered affirmatively. This acknowledgment is sufficient under our jurisprudence to meet the due process requirements that a guilty plea be entered "knowingly and voluntarily." State v. Whitaker, 543 So.2d 1073 (La.App. 2 Cir. 1989). We conclude then that the defendant voluntarily entered the guilty plea to the felony grade offense even though he knew he made $275 restitution for the damages to the door. Additionally, the transcript shows that part of the plea bargain included an agreement by the district attorney to nolle pros the additional charges of aggravated battery and aggravated burglary and the defendant would not be multi-billed.
By judicially-created principle, a defendant normally waives any non-jurisdictional error by his plea of guilty. Under both state and federal jurisprudence, an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof either by appeal or by post-conviction remedy. State v. Crosby, 338 So.2d 584 (La. 1976). State v. Hardy, 39,233 (La.App. 2 Cir. 01/26/05), 892 So.2d 710, 712; State v. Buggs, 567 So.2d 744, 747 (La.App. 2 Cir. 1990). However, even an unqualified plea of guilty does not preclude review of what are regarded as `jurisdictional' defects  those which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged. State v. Crosby, supra at 588. The question in this case is whether a trial court can accept a knowingly and voluntarily tendered guilty plea pursuant to a plea and sentence agreement where the factual basis of the plea is contradicted by the record.
This case is somewhat analogous to State v. Brooks, 38,963 (La.App. 2d Cir.9/22/04), 882 So.2d 724. In Brooks, Count 2 of the original bill charged the defendant with possession of stolen things valued in excess of $500. The stolen items included guns and jewelry. The district attorney later amended Count 2 by dropping the firearms from the list of items stolen. The defendant agreed to plead guilty to possession of stolen things, which now consisted of only the jewelry and other things. At the guilty plea hearing, defense counsel told that the sentencing range for the charge was "zero to ten" years imprisonment, which is the felony grade of the offense indicating the value of the stolen things exceeded $500. La. R.S. 14:69(B)(1). During the plea colloquy, defendant indicated that he understood the charges and the sentencing range of the offenses to which he was pleading guilty. The state gave a brief summary of the factual basis of the pleas, and the defendant agreed that the facts were substantially correct. The defendant also affirmatively indicated that he understood his rights and desired to freely and voluntarily waive those rights for the purpose of entering the guilty pleas. The defendant then entered a guilty plea to this charge and two other charges without objection or any protestation of innocence. The court accepted the guilty pleas and subsequently sentenced the defendant to the maximum sentence for each charge and ordered that the sentences run concurrently.
After the conviction and sentence, defendant appealed, alleging that the actual value of the stolen jewelry was unknown and potentially under $500, in which case the maximum penalty would be either 2 years, or alternatively, six months in jail if the value was under $300. Defendant argued that when the district attorney dropped the firearms from the list of stolen things included as part of Count 2, the court was put on notice of the possibility that he might be innocent of the offense  that is, *811 that the value of the stolen things was below the felony grade of $500.
A panel of this court rejected the defendant's argument. It reiterated the general rule is that "when a guilty plea is voluntary, there is no necessity to ascertain a factual basis for the plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry." Brooks, supra at 730. Only in that event does due process require judicial factual finding to support the plea. Id. Since the defendant did not protest his innocence while pleading guilty, the court was not required to establish a factual basis for the plea, as is called for in order to accept an Alford plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The question, then, was whether the court was "put on notice" that there was a need for further inquiry into the facts when the district attorney dropped the firearms from the list of stolen things in Count 2.
The panel in Brooks stated that since the guilty plea was not an Alford plea, the court was not required to make a judicial finding of a significant factual basis for defendant's plea. Secondly, the court held that it was illogical to argue that the factual basis set forth by the state qualified as "some other reason the court is put on notice that there is a need for such an inquiry" into the facts. The allegedly deficient factual basis set forth by the state for Count 2 was substantially correct and not so deficient to qualify as "some other reason the trial court is put on notice" that there is a need for inquiry into the factual basis of the plea. It noted that the defendant agreed that the facts set forth were substantially correct and made no contemporaneous objection.
In the case sub judice, the defendant neither objected to the factual basis set forth by the district attorney nor protested his innocence while entering the guilty plea. As in Brooks, supra, defendant's plea is also not an Alford plea. The guilty plea transcript establishes that defendant's guilty plea to felony criminal property damage was free and voluntary, that defendant waived his rights and did not reserve or object to anything in the proceedings. Defendant affirmatively told the court that he was aware of the sentencing range for the offense through his attorney. Accordingly, there was no necessity to ascertain a factual basis for the plea, even though the defendant agreed that the factual summary by the district attorney, including a statement that the amount exceeded the amount required for the offense to be a felony, was substantially correct. Although the court was apparently aware that there had been restitution in the amount of $275, we hold that it does not qualify as a reason to "put the court on notice" to further investigate or further establish a factual basis for the guilty plea where the record otherwise establishes that the guilty plea to the felony grade was knowingly and voluntarily entered, the sentence was agreed to, and the defendant agreed to the facts set forth by the district attorney that damage he caused was a felony grade amount without objection nor protestation of innocence.
For these reasons, we affirm the conviction and sentence of the defendant.
AFFIRMED.
APPLICATION FOR REHEARING
Before STEWART, GASKINS, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.
GASKINS and LOLLEY, JJ., would grant a rehearing.