974 So.2d 212 (2008)
STATE of Louisiana, Appellee
v.
James GILL, Appellant.
Nos. 42,938-KA, 42,939-KA.
Court of Appeal of Louisiana, Second Circuit.
January 9, 2008.
Louisiana Appellate Project, by James E. Beal, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Marcus R. Patillo, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS & PEATROSS, JJ.
PEATROSS, J.
Defendant, James Thomas Gill, was convicted of one count of possession of a controlled dangerous substance, Schedule II, and one count of resisting arrest. He was sentenced to four and one-half years' imprisonment at hard labor on the charge of possession and six months' imprisonment on the charge of resisting arrest, both sentences to run concurrently with credit for time served. Defendant now appeals his sentences. For the reasons set forth below, we affirm the sentences of Defendant.

FACTS
On August 9, 2006, the vehicle in which Defendant was traveling was stopped by an officer of the Minden Police Department. During the stop, Defendant was seen exiting the vehicle from the passenger side and a chase ensued. After Defendant was tackled, a search yielded four rocks of crack cocaine in Defendant's left front pants pocket. Defendant was subsequently charged by two separate bills of information with one count of possession of a Schedule II controlled dangerous substance, a violation of La. R.S. 40:967(C), and with one count of resisting arrest, a violation of La. R.S. 14:108.
Defendant initially entered pleas of not guilty to both charges. Defendant, however, later withdrew his pleas of not guilty and entered guilty pleas to both charges with the benefit of a pre-sentence investigation report as part of the plea agreement. In exchange, the State agreed not to seek a habitual offender adjudication against Defendant and, further agreed that whatever sentences were imposed on the two different charges would run concurrently.
At the sentencing hearing, the trial judge reviewed the pre-sentence investigation report and noted that Defendant had at least three prior felony convictions for illegal possession of stolen things, theft and simple burglary, as well as an extensive misdemeanor record. The record indicates that Defendant had multiple convictions for driving while intoxicated, several arrests for crimes against property and at least one other drug-related arrest. The trial judge also noted that, while on parole from the sentences imposed for his earlier convictions, Defendant had violated the conditions of parole resulting in the revocation of same. Lastly, the trial judge stated that he had considered the factors set forth in La. C. Cr. *214 P. art. 894.1 and determined that Defendant should be sentenced to four and one-half years' imprisonment at hard labor on the charge of possession of a Schedule II controlled dangerous substance and six months' imprisonment on the charge of resisting an officer, both sentences to run concurrently with credit for time served. The trial judge stated that any lesser sentence would detract from the seriousness of the crime.
Defendant filed appeals from the sentence imposed in each of the two convictions. We, however, convert the appeal from the conviction for resisting arrest to an application for supervisory writ because there is no right of appeal from a misdemeanor conviction. La. C. Cr. P. art. 912.1(B) and (C).

DISCUSSION
Defendant argues that the sentence imposed for the felony conviction is too harsh in that it is just short of the maximum. The State argues that the sentence is not excessive and is amply supported by the record.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57, and 04-2380 (La.6/3/05), 903 So.2d 452.
A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992).
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La. App.2d Cir.1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. Id.
In the instant case, Defendant was convicted of one count of possession of cocaine, a Schedule II controlled dangerous *215 substance, in violation of La. R.S. 40:967(C). The sentence for possession of this controlled dangerous substance is not more than five years' imprisonment at hard labor and a fine of not more than $5,000. Defendant received a sentence of four and one-half years' imprisonment at hard labor and no fine.
The trial judge recognized that Defendant has an extensive criminal history and his continued pattern of committing offenses indicates that he is among the worst class of offenders. Furthermore, by entering into the plea agreement, Defendant's potential maximum sentence was reduced significantly when the State agreed not to file a habitual offender bill. Given the circumstances, it is difficult to conclude that the trial court abused its discretion in imposing the sentences. For the same reasons, the supervisory writ on Defendant's sentence for resisting arrest is denied for failure to argue any error in regard to the conviction or sentence.

CONCLUSION
For the foregoing reasons, Defendant's appeal from the conviction for resisting an officer is converted to an application for supervisory writ and the writ is denied for failure to argue any error in regard to the conviction or sentence. As to the appeal from Defendant's conviction for possession of cocaine, a Schedule II controlled dangerous substance, the sentence of Defendant, James Thomas Gill, is affirmed.
APPEAL CONVERTED TO SUPERVISORY WRIT IN PART, WRIT DENIED, SENTENCE AFFIRMED.