986 So.2d 235 (2008)
STATE of Louisiana, Appellee,
v.
Dominic JENKINS, Appellant.
No. 43,294-KA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*236 Louisiana Appellate Project by Annette Roach, for Appellant.
Dominic Jenkins, Pro Se.
Robert W. Levy, District Attorney, Clifford R. Strider, III, Assistant District Attorney, for Appellee.
Before STEWART, GASKINS & PEATROSS, JJ.
PEATROSS, J.
Defendant, Dominic Jenkins, pled guilty to armed robbery in exchange for a sentence of 12 years at hard labor without benefit of parole, probation or suspension of sentence. The trial court imposed the agreed-upon sentence of 12 years and Defendant appealed. Defendant's appellate counsel has filed a motion to withdraw, together with a Benjamin[1] brief in support of the motion. The State has filed an appellate brief in this matter concurring that there are no non-frivolous issues to raise on appeal. On February 19, 2008, this court notified Defendant that he may file a brief in this appeal within 30 days of its order. Defendant filed two pro se briefs in support of his appeal. For the reasons stated below, the motion to withdraw is granted, and the conviction and sentence of Defendant are affirmed.

FACTS
The State originally charged Defendant by bill of indictment with armed robbery. Defendant subsequently pled guilty to the offense as charged in exchange for a sentence of 12 years at hard labor without benefit of parole, probation or suspension of sentence. In a separate case, Defendant pled guilty to aggravated flight from an officer in exchange for a sentence of 2 years at hard labor, to be served concurrently with the sentence for armed robbery.
In setting forth the factual basis for the guilty pleas, the State alleged that, on November 27, 2006, Defendant and co-defendant, Charlie Daniels, approached Captain D's Restaurant around closing time, while armed with a dangerous weapon, and robbed the person taking the proceeds for the day to the bank for deposit. In responding to the armed robbery, officers observed Defendant fleeing the scene and activated their emergency lights and sirens. Defendant exceeded the posted speed limit by at least 25 miles per hour and was then in a serious automobile accident. Defendant conceded to the factual basis presented by the State. Immediately after accepting the guilty plea, the trial *237 court sentenced Defendant to serve 12 years of imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

DISCUSSION
On appeal, Defendant's appellate counsel has filed an Anders brief, seeking to withdraw and alleging that he could find no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel noted that Defendant was properly charged by bill of indictment. He was represented by the indigent defender at arraignment and during the early proceedings of the case and by retained counsel at the plea and sentencing proceedings. Further, Defendant was properly Boykinized, entered a plea of guilty to two charges and, as previously stated, received an agreed-upon sentence.
Defendant filed two pro se briefs on appeal. In his initial brief, Defendant alleged several instances of ineffective assistance of trial counsel. The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the United States Constitution. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). Even so, claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because it provides the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. State v. Joshua, 42,766 (La.App.2d Cir.1/9/08), 973 So.2d 963, citing State v. Lane, 40,816 (La.App.2d Cir.4/12/06), 927 So.2d 659, writs denied, 06-1453 (La.12/15/06), 944 So.2d 1283 and 06-2502 (La.5/4/07), 956 So.2d 599. In the interest of judicial economy, allegations of ineffective assistance of counsel may be resolved on direct appeal when the record is sufficient for doing so. State v. Joshua, supra, citing State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Lane, supra.
In the case sub judice, Defendant alleged that his counsel was ineffective for not giving him the opportunity to examine evidence, for not informing him about the evidence against him, for not allowing him to participate in planning a defense, for not conducting an evidentiary hearing so that he could prove his innocence, for not seeking to suppress his pre-trial statement, for only meeting with him a few times before the guilty plea, for not answering his questions and for not presenting witnesses and defending him during proceedings. Given that the record is insufficient to resolve these allegations, these claims are best presented in an application for post-conviction relief so that Defendant is afforded an opportunity to develop evidence in regard to his claims. Accordingly, these claims are not reviewable by this court at this time.
Defendant further alleges that he did not intelligently and voluntarily waive his right to trial because his guilty plea was coerced by defense counsel. In particular, he alleges that defense counsel "mentally forced" him to plead guilty by leading him to believe that he would be convicted and sentenced to half of the maximum prison term than if he proceeded to trial. Defendant also alleges that the guilty plea was made in fear from threats and intimidation, although he does not specifically allege who made the threats or who intimidated him. The record of the Boykin hearing indicates that the trial court conducted a thorough colloquy with Defendant, wherein it inquired about Defendant's age and education and explained that Defendant had a right to a *238 trial by jury or by judge and the other rights Defendant would have if proceeding to trial. The court further explained the nature of the charges to which Defendant was pleading and that Defendant would be giving up these rights by pleading guilty. Further, the record indicates that the trial court asked Defendant if he was promised anything, threatened or forced into pleading guilty to the charged offense and that Defendant answered in the negative. We conclude, therefore, that the record does not support Defendant's assertion that his guilty plea was involuntary due to trial counsel forcing him to plead guilty. To the extent that these allegations appear to be allegations of ineffective assistance of trial counsel, it is a claim that is best raised in an application for post-conviction relief so that Defendant is afforded an opportunity to develop evidence to support his allegations.
By judicially-created principle, a defendant normally waives any non-jurisdictional error by a valid guilty plea. State v. Brown, 42,188 (La.App.2d Cir.9/26/07), 966 So.2d 727, writ denied, 07-2199 (La.4/18/08), 978 So.2d 347, fn. 5; State v. Smith, 41,829 (La.App.2d Cir.4/4/07), 954 So.2d 806. Under both state and federal jurisprudence, an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto and precludes review thereof, either by appeal or by post-conviction remedy. State v. Smith, supra, citing State v. Crosby, 338 So.2d 584 (La.1976); State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710; State v. Buggs, 567 So.2d 744 (La.App. 2d Cir.1990). With the record indicating that the guilty plea in the case sub judice was valid, Defendant is precluded from raising on appeal or in post-conviction proceedings issues regarding whether there was sufficient evidence, whether the police reports contained false information or whether his confession should have been suppressed.
Defendant further asserts that he was the victim of "malicious prosecution" for the following reasons: (1) the prosecutor told the victim and witnesses that Defendant was going to jail, that Defendant was a threat to society and that Defendant had a criminal past; (2) the prosecutor used his advantages to compel a guilty plea without an evidentiary or preliminary examination; (3) the arresting officers compelled a confession and made him falsely incriminate himself; and (4) confessions and statements should not be introduced into evidence without affirmatively showing that they were freely and voluntarily made. A prosecutor expressing personal opinions to the victim and witnesses does not constitute prosecutorial misconduct. Defendant does not allege how the prosecutor compelled a guilty plea; even so, this claim is best raised in an application for post-conviction relief so that Defendant is afforded an opportunity to develop evidence in regard to his allegations. Allegations regarding whether Defendant's statement would have been admissible were waived by his guilty plea because he did not specifically preserve that issue for appellate review. State v. Smith, supra, citing State v. Crosby, supra.
Defendant next alleges that the trial court erred with regard to his sentence by failing to articulate a factual basis for the sentence, for not tailoring the sentence to Defendant's circumstances, by not ordering a presentence investigation and by not including a victim impact statement within a presentence investigation report. Pursuant to La. C. Cr. P. art. 881.2, a sentence imposed in conformity with a plea agreement is not subject to appellate review. State v. Washington, 42,849 (La. App.2d Cir.12/5/07), 972 So.2d 1203. Further, there is no need for the trial court to *239 give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1. State v. Bailey, 40,098 (La.App.2d Cir.10/26/05), 914 So.2d 116, writ denied, 06-0462 (La.9/22/06), 937 So.2d 377, citing State v. Smith, 39,719 (La.App.2d Cir.5/11/05), 903 So.2d 598. Thus, this claim is without merit.
In addition to reiterating issues raised in his initial brief, Defendant raised the following new issues in his supplemental brief:[2]
(1) That his sentence is excessive, cruel, and unusual;
(2) That a bill of particulars should have been filed because the offense alleged was not actually committed, which would have provided grounds for quashing the indictment;
(3) That the district attorney violated his constitutional rights, discriminated "against the defendant with distinctive belief," and failing to show the factual basis for the offense;
(4) & (11) That the sentence was imposed without evidence of the offense;
(5) That the State's decision was prejudicial; [Defendant fails to state what decision this is or how it was prejudicial.]
(6) That he was deprived of his constitutional rights; [Defendant fails to allege which constitutional rights or how he was deprived of them.]
(7) That his guilty plea should be set aside if the charges are not dismissed or if the sentence is not reduced;
(8) Ineffective assistance of trial counsel for (a) failing to challenge the State's finding of competency; (b) failing to investigate and present testimony to rebut the State's evidence; (c) failing to give him the opportunity to testify in his own defense; (d) failing to object or defend numerous instances of prosecutorial misconduct; (e) failing to discover evidence to provide a defense; (f) failing to state on the record that co-defendant met the elements of R.S. 14:28(A) and that there was never an agreement to commit the offense by Defendant; and (g) failing to advise him of his "right to defend"; and,
(9) & (10) That his statement to police should have been suppressed because it was gained without the presence of counsel.
In regard to Supplemental Assignment of Error Number 1, as earlier noted, pursuant to La. C. Cr. P. art. 881.2, a sentence imposed in conformity with a plea agreement is not subject to appellate review. State v. Washington, 42,849 (La.App.2d Cir.12/5/07), 972 So.2d 1203.
Next, the issues raised in Supplemental Assignments of Error Numbers 2-6 and 9-11 were waived by Defendant's plea of guilty because he did not specifically preserve them for appellate review. Under both state and federal jurisprudence, an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto and precludes review thereof, either by appeal or by post-conviction remedy. State v. Smith, supra, citing State v. Crosby, supra; State v. Hardy, supra; State v. Buggs, supra.
Supplemental Assignment of Error Number 7 was not supported by reasons in brief and Number 8, regarding allegations of ineffective assistance of trial counsel, again, are best raised in an application for post-conviction relief so that Defendant is *240 afforded an opportunity to develop evidence to support his allegations.

CONCLUSION
For the foregoing reasons, the motion to withdraw filed by appellate counsel is granted. The conviction and sentence of Defendant, Dominic Jenkins, are affirmed.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.
NOTES
[1] State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).
[2] Defendant filed a supplemental brief on April 24, 2008. This supplemental brief was filed after the date on which his brief was due. Even so, the only mandatory sanction for untimely briefs is the forfeiture of the right to oral argument, which was not being asserted in this case. See U.R.C.A. 2-12.12.