GASKINS, J.
 

 hThe defendant, James McCalman, appeals as excessive his sentence to serve five years at hard labor following his guilty plea to simple burglary. For the following reasons, we affirm the conviction and sentence.
 

 FACTS
 

 In mid-December 2007, the defendant made unauthorized entries into several houses in Webster Parish and took items. In January 2008, the defendant was originally charged with two counts of simple burglary of an inhabited dwelling. On May 5, 2008, pursuant to a plea bargain agreement, the defendant was allowed to enter a plea of guilty to one count of the reduced charge of simple burglary; the remaining count was dismissed.
 

 On June 30, 2008, the defendant appeared before the court for sentencing. The trial court ordered the defendant to serve five years at hard labor for this offense, with credit for time served. The defendant was properly informed of the delays for appealing his sentence and for applying for post-conviction relief. The defendant timely filed a motion to reconsider the sentence on the grounds that it is excessive. The motion was denied. The defendant appealed, claiming that his sentence is excessive.
 

 EXCESSIVE SENTENCE
 

 The defendant argues that, even though he has a misdemeanor criminal record, the
 
 *850
 
 current offense is his first felony conviction. He claims that he has a good employment record working in the plumbing industry. He states that he is engaged to be married and has a newborn child. The defendant maintains that he is not a worst offender and, by pleading guilty, has accepted responsibility for this offense. He argues that his five-year |2hard labor sentence is harsh under these circumstances. This argument is without merit.
 

 Legal Principles
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La. 1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Landos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834 (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 ┴32001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166.
 

 Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in sentencing exposure through a plea bargain, the trial court has great discretion to impose even the maximum sentence possible for the pled offense.
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430.
 

 In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions but may properly review all prior criminal activity.
 
 State v. Pamilton,
 
 43,112 (La.App.2d Cir.3/19/08), 979 So.2d 648,
 
 writ denied,
 
 2008-1381 (La.2/13/09), 999 So.2d 1145.
 

 A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing.
 
 State v. Cook,
 
 95-2784 (La.5/31/96), 674 So.2d 957,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7;
 
 State v. ┴4Thompson,
 
 2002-0333 (La.4/9/03), 842 So.2d 330;
 
 State v. Hardy,
 
 
 *851
 
 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710.
 

 Discussion
 

 In formulating the sentence in this matter, the trial court considered information contained in a presentence investigation (PSI) report. The trial court noted that the defendant was actually involved in several residential burglaries. The present offense occurred a few days before Christmas and the defendant stole a family’s Christmas gifts, basically destroying their holiday. An eight-year-old family member is now afraid to be in the house knowing that an intruder had broken in.
 

 The court observed that there were de-tainers against the defendant from Bossier, Caddo, and Claiborne Parishes. He had a juvenile record in Tennessee. According to the trial court, the defendant had a 2001 misdemeanor conviction for fraud in California. He had a charge of issuing worthless checks pending in Claiborne Parish. The court observed that there was a bench warrant for the defendant’s arrest and the case was awaiting trial. The defendant also had a charge of criminal mischief in Bossier Parish in 2005 where he forfeited his cash bond in lieu of his appearance.
 

 The trial court considered that the defendant is single, engaged, and has a newborn baby. The court found that there is an undue risk that during a period of a suspended sentence or probation the defendant would commit another crime. The trial court stated that the defendant is in need of correctional treatment that can be provided most effectively by commitment |sto an institution. According to the trial court, a lesser sentence than that imposed would deprecate the seriousness of the offense. The court found that there were no grounds to excuse or justify the criminal conduct.
 

 The trial court adequately articulated the reasons for the sentence imposed. Further, we find that the sentence is not excessive. The defendant received the benefit of a favorable plea bargain agreement. He was sentenced to less than half the maximum sentence of imprisonment on the crime to which he pled guilty and no fine was imposed. The defendant had a juvenile record, and a history of misdemeanor convictions. He also had pending detainers. Under the facts presented here, the trial court did not abuse its discretion in imposing the sentence.
 

 CONCLUSION
 

 For the reasons stated above, we affirm the conviction and sentence of the defendant, James McCalman.
 

 AFFIRMED.