WILLIAMS, J.
 

 _JjThe defendant, Geoffrey Eason, seeks review of the sentences imposed for his convictions on two counts of armed robbery with a firearm, violations of LSA-R.S. 14:64 and LSA-R.S. 14:64.3. The trial court imposed sentences of 45 years at hard labor without the benefit of probation, parole or suspension of sentence on each count, with both sentences to be served concurrent to each other, and an additional two terms of 5 years in the parish jail under the firearm enhancement provision to be served concurrent to each other but consecutive to the hard labor terms. We affirm.
 

 On the evening of January 31, 2006, the defendant, armed with a firearm, and two other assailants entered the home of Dr. Wayne McMahen shortly after Dr. McMahen and his teenage daughter had returned to their home from attending a ball game. While his teenage daughter, M.M.,
 
 [1]
 
 was in her room, Dr. McMahen went into the kitchen to let the dog out through a sliding glass door. As he opened the door, a masked man armed with a gun rushed toward the door. When Dr. McMahen tried to slam the door shut, the man put his hand between the door and the doorframe to hold the door open. The resulting injury caused by the sliding glass door led the armed man to drip blood inside the home; blood which was subsequently determined through DNA testing to have come from the defendant.
 

 Once inside, the armed men forced Dr. McMahen to the ground and demanded money. Dr. McMahen gave the men his wallet, but was forced to remain on the floor by the defendant at gunpoint while the other two men ^searched the house. One of the men entered Dr. McMaheris daughter’s room where he forced her to surrender several hundred dollars. When she tried to look down the hall after he left her room, another masked man armed with a gun slammed her door shut. The
 
 *399
 
 defendant and his accomplices then left the home in Dr. McMahen’s truck. They abandoned the truck and were arrested several days later.
 

 After a trial by jury, the defendant was found guilty of two counts of armed robbery with a firearm in violation of LSA-R.S. 14:64 and LSA-R.S. 14:64.3. The defendant was subsequently sentenced to two concurrent sentences of 50 years at hard labor without the benefit of probation, parole or suspension of sentence. In imposing these sentences the trial court reviewed a presentence investigation report which indicated that the defendant was a second felony offender who was on probation at the time of the present offense. Having presided over the prior case, the trial judge was familiar with the circumstances of defendant’s first felony offense, a purse snatching. The court noted that the earlier offense, like the present one, was a crime of violence and recounted that the defendant and two co-assailants had grabbed the purse of a lady in the parking lot of a grocery store and dragged her across the concrete until she let go. In what the trial judge described as an attempt to give him a second chance, the defendant ultimately received a suspended 10-year sentence, subject to 8 years of supervised probation. It was during this period of probation that the present offense was committed.
 

 The trial court also reviewed the circumstances of the present offense, | sincluding the fact that the defendant and his co-assailants had entered the victims’ home by force and held Dr. McMahen at gunpoint, a sight which Dr. McMahen’s daughter witnessed. In reviewing the aggravating circumstances surrounding the defendant’s present offense of conviction, the trial court noted that the defendant’s conduct manifested deliberate cruelty to his victim, knowingly created a risk of death or great bodily harm, involved multiple victims, involved the use of a firearm and resulted in a significant economic loss to his victims. Also, the court noted as aggravating factors the defendant’s use of threats of bodily harm during the commission of the offense by placing the firearm to the back of Dr. McMahen’s head while he lay on the ground and the fact that the offense was committed inside the victims’ home.
 

 The court noted as mitigating circumstances the defendant’s youth, the fact that he had a young son, and his expressions of remorse during the presentence investigation. Also, the court indicated that it had reviewed letters written on the defendant’s behalf by family members and fellow inmates attesting to a “spiritual renewal” in the defendant. Taking all this into account, the court concluded that the defendant was in need of correctional treatment most effectively provided by the commitment to an institution since there was an undue risk that during a suspended or probated sentence the defendant would commit another crime. Accordingly, the court found that a lesser sentence would deprecate the seriousness of the defendant’s crime.
 

 The defendant appealed and in
 
 State v. Eason,
 
 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685,
 
 writ denied,
 
 2009-0725 (La.12/11/09), 23 So.3d 913, this court affirmed his convictions, but vacated his sentences of 50 years at hard labor without the benefit of parole due to the trial court’s failure to specify any additional terms of imprisonment under LSA-R.S. 14:64.3, the firearm enhancement provision. On remand, the trial court re-sentenced the defendant to two terms of 45 years at hard labor without the benefit of probation, parole or suspension of sentence, to be served concurrently to each other, and two additional terms of 5 years in the parish
 
 *400
 
 jail under the firearm enhancement provision, to be served concurrently to each other but consecutively to the hard labor terms. In doing so, the trial court indicated that the sentences being imposed were “for all the reasons that I went over in great detail at the time that [the defendant was] originally sentenced.” The court also commended defendant during the resen-tencing hearing for the defendant’s achievements during his incarceration, which according to the defendant’s letter to the court include receiving his GED, and his enrollment in A.A., anger management and a transactional analysis course. The letter also reiterated the defendant’s expressions of remorse. Defendant now appeals, assigning error only with regard to the sentences imposed.
 

 LSA-R.S. 14:64, the armed robbery statute, provides for a sentence of imprisonment at hard labor for not less than 10 and not more than 99 years without benefits. The statute was supplemented in 1999 by LSA-R.S. 14:64.3. This provision requires an additional imposition of a 5-year term when the weapon used in the commission of the armed robbery is a firearm. | ¿The additional 5 years are to be served consecutively and “shall be” imposed. While the statute now provides that the 5 years are to be “at hard labor,” at the time the offense was committed in this case, LSA-R.S. 14:64.3 did not have the words “hard labor” in the sentencing clause. The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer.
 
 State v. Sugasti,
 
 2001-3407 (La.6/21/02), 820 So.2d 518.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates LSA-Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d
 
 *401
 
 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7;
 
 State v. Thompson,
 
 2002-0333 (La.4/9/03), 842 So.2d 330;
 
 State v. Hardy,
 
 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing.
 
 State v. Cook,
 
 95-2784 (La.5/31/96), 674 So.2d 957,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.
 
 Id.
 

 Here, the defendant argues that the trial court failed to give his efforts at rehabilitation, his remorse and his son’s need for a father the proper consideration as mitigating factors in imposing his sentences. This argument is without merit. As previously noted, both the original and re-sentencing transcripts indicate that the court took cognizance of all the mitigating factors relied on by the defendant, but found that defendant’s conduct nevertheless warranted the sentences imposed.
 

 The trial judge stated for the record the considerations taken into account and the factual basis when imposing the sentences, thus complying with LSA-C.Cr.P. art. 894.1. He was made aware of mitigating factors and considered them prior to imposing defendant’s sentence. However, he was not required to give them any particular weight.
 
 State v. Shumaker, supra.
 
 Given the nature of the crimes involved, the defendant’s criminal history, the fact that his conduct took place during a period of probation which had been intended to give the defendant a “second chance,” and the harm done to the victims, the mid-range sentences imposed by the trial court are neither grossly disproportionate to the seriousness of the offenses nor a purposeless and needless infliction of pain and suffering.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s sentences are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The minor’s initials are used in lieu of her name pursuant to LSA-R.S. 46:1844(W).