SEXTON, Judge Pro Tem.
| ¶Defendant, Frederick L. Palmer, pled guilty to two counts of distribution of cocaine, a Schedule II, controlled dangerous substance. He was sentenced on each count to serve ten years’ imprisonment, with the first two years to be served without the benefit of probation, parole or suspension of sentence. The sentences were ordered to run concurrently with each other, but consecutively to any parole or probation revocation. Defendant now appeals. For the reasons stated herein, Defendant’s convictions and sentences are affirmed.

FACTS

On November 17, 2010, December 7, 2010, and December 12, 2010, Defendant sold cocaine to an undercover Bienville Parish Sheriffs deputy. On February 8, 2011, Defendant was formally charged by bill of information with three counts of distribution of a Schedule II, controlled dangerous substance. Defendant was on probation for an unrelated offense at the time of his arrest. On November 23, 2011, a plea and sentencing agreement was reached whereby Defendant pled guilty to two counts of distribution of cocaine. In exchange for his guilty plea, the State dismissed the third count and agreed not to file a habitual offender bill of information. Also pursuant to the plea and sentencing agreement, Defendant was sentenced to serve ten years at hard labor on each count, with the first two years without the benefit of probation, parole or suspension of sentence. The sentences were ordered to run concurrently with each other, but consecutive to any probation revocation.
|2The sentencing portion of the agreement was disclosed to Defendant and he signed both the plea and sentencing portions of the written plea agreement. However, during the colloquy, Defendant stated to the judge that he believed his sentence was “an over-sentence,” or a greater sentence than other defendants who had committed similar offenses had received. After a lengthy and thorough colloquy ensuring that Defendant was satisfied with representation of his counsel and that he understood the plea and sentence he was going to receive pursuant to the agreement, Defendant’s plea was accepted and he was sentenced accordingly. A reading of the colloquy reveals that Defendant understood the benefit of the plea agreement and sentence and decided to accept the benefit of the agreement, while reserving his right to seek review of the sentences. On the same day, Defendant consented to the revocation of his probation and was sentenced to five years’ imprisonment, to be served consecutive to his ten-year concurrent sentences.
On December 7, 2011, Defendant filed a motion to reconsider sentence, which was denied by the trial court. This appeal followed.

DISCUSSION

Assignment of Error Number One (verbatim): The trial court erred in imposing a sentence herein that is unconstitutionally excessive.
Defendant argues that he was convicted of a nonviolent offense; and, therefore, his sentence is grossly disproportionate when compared to the severity of the crime. The State maintains that Defendant’s sentence is appropriate for the crimes committed. It further argues that, by pleading |sguilty, Defendant received the benefit of having one count of distribution dismissed, as well as not being charged as an habitual offender.
This court utilizes a two-pronged test in reviewing a sentence for excessive *99 ness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 438 So.2d 688 (La.1988); State v. Lathan, 41,855 (La. App.2d Cir.2/28/07), 953 So.2d 890, unit denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, unit denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, unit denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must examine whether the sentence is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a Lpurposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonan-no, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710.
The penalty for a conviction of distribution of cocaine shall be a sentence of imprisonment at hard labor for not less than 2 years nor more than 30 years, with the first 2 years of said sentence being without the benefit of parole, probation or suspension of sentence; and may, in addition, include a fíne of not more than $50,000. La. R.S. 40:967(B)(4)(b).
In the case sub judice, although the trial court did not articulate any factors listed in La. C. Cr. P. art. 894.1 as consideration for the sentences imposed, we And no abuse of discretion by the trial court. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is | Sunnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,-350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The sentences imposed by the trial court were contemplated by Defendant and made a part of the plea agreement. During sentencing, Defendant expressed his concern that his sentences of ten years (concurrent) were more than “some other people who had a much more serious record than he had.” At that time, the court informed Defendant that every case was different, and the sentence imposed was *100 not the result of any animosity toward Defendant.
Further, the court noted that Defendant was on probation for only six months for a conviction of possession with intent to distribute marijuana when he was arrested on the current charges.[1] Thus, the record supports a finding that Defendant would likely commit another crime if given a probated or suspended sentence. In addition, Defendant pled guilty to two counts of distribution, for which he faced a possible maximum sentence of 60 years. The trial court sentenced Defendant to only 10 years’ imprisonment on each count, to run concurrently with each other. The sentences are squarely within the statutory ranges and far less than half of the possible maximum allowable sentences. Moreover, Defendant received the benefit of a reduced penalty exposure because, in exchange for his guilty plea to two counts, the State dismissed the third count and agreed not to file an habitual offender bill against Defendant. We conclude that Defendant’s ^sentences are not grossly disproportionate to the seriousness of the offense, nor do they shock the sense of justice.
Defendant’s assignment of error lacks merit.

CONCLUSION

For the foregoing reasons, the convictions and sentences of Defendant, Frederick L. Palmer, are affirmed.
AFFIRMED.

. As a result, Defendant’s probation was revoked on the same day of his sentencing for the current charges, and the trial court imposed the original sentence of 5 years’ imprisonment, to run consecutive to his 10-year concurrent sentences.